**I.A.M. NATIONAL PENSION FUND PLAN A, A BENEFITS, et al., Plaintiffs and Counterdefendants,**

v.

**CULLMAN INDUSTRIES, INC., Defendant and Counterclaimant.**

Civ. A. No. 86–0763.

United States District Court, District of Columbia.

Aug. 12, 1986.

Robert T. Osgood and Joseph P. Martocci, Washington, D.C., for plaintiffs and counterdefendants; Roger B. Hunt and Laura Steinberg, of Sullivan & Worcester, Boston, Mass., of counsel.

John Bodner, Jr., of Howrey & Simon, Washington, D.C., for defendant and counterclaimant.

CHARLES R. RICHEY, District Judge.

## INTRODUCTION

The Court has before it plaintiffs' Motion for Summary Judgment, defendant's Opposition thereto, and plaintiffs' Reply. In addition, the Court has defendant's Motion to Defer Ruling on the Motion for Summary Judgment and plaintiffs' Opposition thereto. Plaintiffs have filed suit to collect withdrawal liability payments owed under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 *et seq.*, as amended by, the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"), 29 U.S.C. §§ 1381 *et seq.* For the reasons set forth below, the Court finds that defendant's Motion to Defer Ruling must be denied. Furthermore, the Court finds that there is no genuine issue of material fact and that the plaintiffs are entitled to judgment as a matter of law. Thus, plaintiffs' Motion for Summary Judgment must be granted.

## BACKGROUND

The following material facts are uncontroverted. Plaintiffs are the I.A.M. National Pension Fund, Plan A, A Benefits ("the Plan"), the Co-Chairpersons of the Board of Trustees of the Plan, and the Board of Trustees. The Plan is a multiemployer pension plan as defined in 29 U.S.C. § 1002(37). Defendant Cullman Industries, Inc., an Illinois corporation, was required to contribute to the Plan under Article XI, Section 11.4. of the collective bargaining agreement with the International Association of Machinists and Aerospace Workers. *Verified Statement of Alan Skolnick* at ¶ 4; *Collective Bargaining Agreement*, Plaintiffs' Exhibit A at 14.

Cullman Industries ceased operation on December 21, 1984. *Affidavit of Robert W. Singer* at ¶ 2. On February 18, 1985, Cullman confirmed, by letter, its earlier telephone conversation notifying the Plan that it had ceased operation and that the final pension plan remittance report would reflect a payroll date of February 1, 1985. *Singer Affidavit* at ¶ 3; *Skolnick Statement* at ¶ 5; *Letter of February 18, 1985,* Plaintiffs' Exhibit B.

On October 22, 1985, the Plan Director, Alan Skolnick, notified Cullman that it owed the Plan withdrawal liability payments of $48,612.00 and established a quarterly payment schedule beginning on December 21, 1985. *Skolnick Statement* at ¶ 5; Plaintiffs' Exhibit C. Cullman did not make the payment due on December 21, 1985, and Mr. Skolnick notified Cullman of its failure to pay two days later. *Skolnick Statement* at ¶ 7; Plaintiffs' Exhibit D. Defendant Cullman failed to make any payments during the next sixty days after which time Mr. Skolnick informed Cullman by letter dated February 26, 1986 that it

was in default and the total amount owed was now due pursuant to 29 U.S.C. § 1399(c)(5)(A). *Skolnick Statement* at ¶ 7; Plaintiffs' Exhibit E.

In March, 1986, plaintiff conducted an audit of defendant's books and records. On April 11, 1986, Robert Singer, Secretary of Cullman Industries, wrote to plaintiffs' accountant inquiring as to the amount of a possible overpayment by defendant to the Plan. *Singer Affidavit* at ¶ 5. In June, 1986, plaintiffs' attorney informed defendant's counsel by letter and through his Reply to defendant's Opposition to this Summary Judgment Motion that there was no outstanding overpayment but rather defendant had under-reported hours, and thus, it owed the Plan an additional $57.30. *Declaration of Robert T. Osgood* at ¶ 2; Plaintiffs' Exhibit A.

Defendant has not paid any of the withdrawal liability. Nor has it requested that the Plan's Board of Trustees conduct a statutory review of the amount of withdrawal liability assessed. Moreover, defendant did not initiate arbitration proceedings with respect to the amount owed. *Skolnick Statement* at ¶ 8.

Plaintiffs filed this action in federal court on March 21, 1986. They request (1) $48,612.00 withdrawal liability; (2) interest from December 21, 1984, the date of the first installment, pursuant to 29 U.S.C. § 1399(c)(5); (3) interest thereon or liquidated damages in accordance with 29 U.S.C. § 1132(g)(2)(C), whichever is greater; and (4) reasonable costs and attorneys' fees pursuant to 29 U.S.C. § 1132(g)(2)(D) & 1451(e). Defendant filed a counterclaim for the amount of any overpayment into the fund.

### DEFENDANT'S MOTION TO DEFER RULING ON PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT MUST BE DENIED SINCE ALL MATERIAL FACTS NECESSARY FOR THE COURT TO RULE ARE CURRENTLY BEFORE IT

The Court cannot agree with defendant's position that it *"may* wish to defer ruling on the summary judgment motion until ... basic discovery ... is completed." *Defendant's Motion to Defer Ruling on the Motion for Summary Judgment* at 1 (emphasis added). It is clear that all material facts necessary for a ruling on the summary judgment motion are currently before the Court, and the motion is ripe for adjudication. In this case, the Court's deciding, rather than postponing, the motion is appropriate and proper.

This term the Supreme Court in *Anderson v. Liberty Lobby,* — U.S. —, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986), opined that "[the summary judgment] standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Id.* — U.S. —, 106 S.Ct. at 2510 (emphasis in original). Here, defendant claims that the parties are examining each other's records and scheduling depositions regarding a dispute over Cullman's possible overpayment to the Plan. However, plaintiff points out, this question is not a material issue in this case. The Court agrees with plaintiff.

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.... [I]t is the substantive law's identification of which facts are critical and which facts are irrelevant that governs." *Id.* Here the governing law is found in the MPPAA provisions of the ERISA statute. Under its provisions, as explained in detail below, an employer, such as Cullman, must follow the procedure specified in the statute in order to dispute the amount of withdrawal liability owed to the Plan. *See* 29 U.S.C. §§ 1399(b)(2)(A) & 1401. If the employer fails to follow the statutory procedure, the entire amount demanded by the Plan's sponsors is due and owing. 29 U.S.C. § 1401(b)(1). Thus, the material facts in this case focus on whether defendant properly disputed the amount of its withdrawal

liability. Other factual disputes are irrelevant for the purposes of plaintiffs' motion for summary judgment. *See Liberty Lobby,* — U.S. —, 106 S.Ct. at 2510; *see generally* 10A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2725 (1983).

Plaintiffs have set forth in their Statement of Material Facts As To Which There Is No Genuine Issue and the attached verified statement and exhibits the chronology of events from the time that Cullman went out of business until this suit was filed. The Statement provides a detailed documented description of the defendant's failure to follow the prescribed procedures set forth in the governing provisions of the ERISA statute as amended by the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"), 29 U.S.C. §§ 1381 *et seq.* Defendant has not successfully controverted these facts in its Statement of Material Facts As To Which There Exists A Genuine Issue. Consequently, the Court finds that the undisputed material facts are currently before it and there is no reason to postpone deciding the issue.

The Court further notes that defendant did not file a Fed.R.Civ.P. 56(f) statement at the time of its Opposition to plaintiffs' motion nor at any time prior to its Motion to Defer indicating that it could not properly controvert plaintiffs' Motion for Summary Judgment without further discovery. Accordingly, for all these reasons, the Court finds that defendant's Motion to Defer must be denied. It will now consider plaintiffs' Motion for Summary Judgment.

## PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT MUST BE GRANTED SINCE THERE IS NO GENUINE ISSUE OF MATERIAL FACT AND PLAINTIFFS ARE ENTITLED TO JUDGMENT AS A MATTER OF LAW

Under Fed.R.Civ.P. 56(c) and the relevant caselaw, summary judgment is proper if "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *see Celotex v. Catrett,*

— U.S. —, — & n. 4, 106 S.Ct. 2548, 2552 & n. 4, 91 L.Ed.2d 265 (1985); *Anderson v. Liberty Lobby,* — U.S. —, —, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, Inc. v. National Right to Work Legal Defense and Education Foundation, Inc.,* 781 F.2d 928, 932–33 (D.C.Cir.1986). As stated above, the substantive law governing the case determines which facts are material. *Liberty Lobby,* — U.S. —, 106 S.Ct. at 2510. Here the substantive law is the MPPAA, 29 U.S.C. §§ 1381 *et seq.* The Court finds that there is no genuine issue of material fact and that under the relevant MPPAA provisions governing an employer's withdrawal liability, *see* 29 U.S.C. §§ 1399 & 1401, plaintiff is entitled to judgment as a matter of law.

a. *Plaintiffs' claim is not barred by the statute or the doctrine of laches.*

As a preliminary matter, defendant asserts that the plaintiffs are barred from asserting their claim because they did not notify Cullman of its withdrawal liability until ten months after it ceased operations. Defendant contends that plaintiffs "sat on [their] rights," thus violating the language of the statute and causing an unreasonable delay which prejudiced Cullman. *Opposition* at 4.

The Court rejects defendant's argument. The language of the statute requires that the Plan sponsor notify the employer of its withdrawal liability "[a]s soon as practicable" after the employer has withdrawn from the Plan. 29 U.S.C. § 1399(b)(1). This standard is hardly an exacting one, and defendant has made no showing that plaintiffs could have provided them with notice of their withdrawal liability at an earlier time. Moreover, in enacting the MPPAA, Congress established a six year statute of limitations for civil actions to collect withdrawal liability from employers. 29 U.S.C. § 1451(f)(1); *see Combs v. Western Coal Corp.,* 611 F.Supp. 917, 920

(D.D.C.1985). The Court's imposition of a strict deadline for notifying employers of their withdrawal liability would be incongruous with the MPPAA in light of its lengthy period in which to bring a civil action and the vague, indefinite language of Section 1399(b)(1). Certainly if Congress had wished to create a tangible notification deadline, it could, and would, have done so. Therefore, the Court finds that plaintiffs' notice to defendant of its withdrawal liability clearly did not violate the statute.

Defendant's contention that plaintiffs sat on their rights, and, thus, are barred from asserting their claim against Cullman is also without merit. In essence, defendant asserts a defense of laches: an issue that this Court considered and rejected in *Western Coal*, 611 F.Supp. at 919. There, this Court held that laches was not applicable since the plaintiff had notified the defendant well within the statute of limitations period. *Id.* at 920. Furthermore, even if the defendant in *Western Coal* could assert the doctrine of laches, the Court found that defendant failed to establish the necessary elements of a defense of laches, namely, that the plaintiffs had unreasonably delayed notifying the defendant of its liability, and, that the delay prejudiced the defendant. *Id.* at 919–20 (citing *Van Bourg v. Nitze*, 388 F.2d 557, 565 (D.C.Cir.1967)). Specifically the defendant in *Western Coal* made no showing that *the delay in notification of one year* was unreasonable. *Id.*

Here, plaintiffs notified defendant ten months after Cullman ceased operations. Not only is this period shorter than that in *Western Coal* but also defendant has failed to make any showing that the delay was unreasonable. Consequently, the Court finds that the plaintiffs' cause of action is not barred by the doctrine of laches.

b. *Cullman has defaulted on its withdrawal liability payments and under the statute is liable to plaintiffs.*

Upon withdrawal from a multiemployer plan, such as the one here, the employer is liable to the plan "in an amount ... determined to be the withdrawal liability." 29 U.S.C. § 1381(a). The MPPAA provides a specific procedure which the employer must follow if it wishes to dispute the amount of liability as determined by the plan sponsors. *See* 29 U.S.C. § 1399 & 1401. Here defendant failed to comply with the statute, and, therefore, is liable under the MPPAA's express language. *See* 29 U.S.C. § 1401(b)(1).

Defendant seeks to avoid its liability by claiming that the numerous courts, including this one, which have consistently interpreted the MPPAA as establishing clear and mandatory requirements for resolution of disputes of withdrawal liability, have misconstrued the language of the statute. However, defendant fails to cite a single case on point to support its contention. Defendant's argument pales in light of the authority to the contrary in this circuit alone. *See, e.g., Western Coal*, 611 F.Supp. at 920–22; *Combs v. Adkins & Adkins Coal Co., Inc.*, 597 F.Supp. 122, 126–27 (D.D.C.1984); *I.A.M. National Pension Fund Plan A, A Benefits v. Clinton Engines Corp.*, No. 85–2877, slip op. at 2 & 7 (D.D.C. Apr. 28, 1986), *appeal docketed*, No. 86–5304 (D.C.Cir. May 19, 1986); *I.A.M. National Pension Fund Benefit Plan A v. Towner Mfg. Co.*, No. 85–0777, slip op. at 8–9 (D.D.C. Mar. 14, 1986) (and cases cited therein); *Combs v. Bowling and Hildebrand Trucking Co.*, No. 84–1451, slip op. at 7–10 (D.D.C. Feb. 22, 1985); *see also Washington Star Co. v. International Typographical Union Negotiated Pension Plan*, 729 F.2d 1502, 1505 (D.C. Cir.1984). This Court, consistent with its prior holding in *Western Coal*, 611 F.Supp. 917 (D.D.C.1985), and the construction applied by other district courts in this circuit and around the country, finds that defendant is liable to plaintiffs because of its failure to comply with the MPPAA's requirements for resolving disputes as to withdrawal liability.

Under 29 U.S.C. § 1399(b)(1) the sponsor of the plan must notify the employer of the amount of its withdrawal liability "as soon as practicable" after the employ-

er's withdrawal from the plan. As stated above, plaintiffs notified defendant Cullman by letter dated October 22, 1985 that it owed the Plan $48,612.00. Plaintiffs also established a schedule for three quarterly payments beginning December 21, 1985.

Once the employer receives its notice, it has ninety days to identify inaccuracies and to request that the sponsors review their determination. 29 U.S.C. § 1399(b)(2)(A). Cullman received notification on October 29, 1985. Defendant's time to request a review expired on January 26, 1986. At that time, defendant had not made any request for review. Defendant's letter requesting information about the possible overpayment which plaintiffs' accountant allegedly discovered in March, 1986, was well after the statutory period had expired. Moreover, plaintiffs' files indicate that Cullman had under-reported hours and owed the Plan a small additional sum.

Finally, defendant failed to initiate arbitration pursuant to 29 U.S.C. § 1401(a)(1). Section 1401(b)(1) of the MPPAA explicitly states that "[i]f no arbitration proceeding has been initiated ... the amounts demanded by the plan sponsor under section 1399(b)(1) ... shall be due and owing on the schedule set forth by the plan sponsor." Thus, Cullman's failure to initiate arbitration results in its being liable for the amount of withdrawal liability. Since the defendant failed to make any payments it is in default, *see* 29 U.S.C. § 1399(c)(5)(A), and the entire amount of withdrawal liability owed plus interest on the outstanding total from the date of the first missed payment is due immediately. 29 U.S.C. § 1399(c)(5)(A).

Defendant claims, however, that under the Court of Appeals decision in *I.A.M. National Pension Fund Benefit Plan C v. Stockton Tri Industries*, 727 F.2d 1204 (D.C.Cir.1984), arbitration is not necessary when it will not promote judicial economy. This argument is misplaced and attempts to stretch the narrow holding of *Stockton* far beyond its scope. Moreover, many employers have similarly tried to extend *Stockton* only to be rebuffed time and time

again. *See Clinton Engines*, No. 85–2877, slip op. at 4 (D.D.C. Apr. 28, 1986).

The plaintiff in *Stockton* filed a claim in federal district court without first initiating arbitration. However, unlike in the present case, the statutory time limit to initiate arbitration had not run. Thus, the district court, having a choice of two possible fora, decided to retain the case and rule on the question of law before it. *Stockton*, 727 F.2d at 1206–07. The Court of Appeals upheld the district court's declining to refer the case to arbitration. *Id.* at 1207.

The issue in *Stockton* does not arise in this case since Cullman never initiated arbitration, and the statutory limit has long since passed. Thus, this Court is not faced with a choice of fora, and defendant's judicial economy argument is unavailing. In addition, the defendant will not be permitted to reshape *Stockton* to support its total disregard for the MPPAA's requirements for resolving withdrawal liability disputes. Defendant had a clear and unequivocal duty to attempt to resolve liability disputes through arbitration. It did not heed the command of the MPPAA and as a consequence is liable to plaintiff.

c. *Defendant ignored the MPPAA's requirements for resolution of disputed withdrawal liability and, as a result, has forfeited its right to contest the amount owed to plaintiff. Accordingly, defendant's counterclaim must be dismissed.*

Defendant filed a counterclaim in this action for the amount of overpayment, if any, it made to the Plan. This counterclaim appears to be little more than defendant's attempt to skirt the dispute resolution provisions of the MPPAA. This Court, in accordance with the law of this circuit, will not permit defendant to avoid its statutory duty to invoke the resolution procedures, nor will it allow defendant to question the amount of its withdrawal liability.

The Court of Appeals has held that the withdrawal liability provisions of the MPPAA do not violate substantive or pro-

cedural due process. *Washington Star Co. v. International Typographical Union Negotiated Pension Plan*, 727 F.2d 1502, 1511 (D.C.Cir.1984). Thus, it is clear that the defendant must utilize the procedure set forth in the statute and resolve disputes through arbitration. Where, as in this case, the defendant has failed to follow the requirements of the MPPAA, it forfeits its right to question the Plan sponsors' determination of the amount of withdrawal liability owed. 29 U.S.C. § 1401(b)(1); *Western Coal Corp.*, 611 F.Supp. at 921; *Adkins & Adkins Coal Co.*, 597 F.Supp. at 126. Consequently, defendant cannot come before this Court by way of its counterclaim and attempt to assert the same right which it forfeited under the MPPAA. *See Combs v. Pelbro Fuel, Inc.*, No. 83–1524, slip op. at 14 (D.D.C. Nov. 15, 1984). Even if defendant's counterclaim were properly before the Court, it is questionable whether the counterclaim conforms with the requirement of Fed.R.Civ.P. 8(a)(2) that it contain "a short and plain statement of the claim showing that the pleader is entitled to relief". The facts as the Court understands them show that defendant has underpaid rather than overpaid amounts owed to the Plan. For these reasons, defendant's counterclaim must be dismissed.

## CONCLUSION

In short, the Court finds that there is no genuine issue of material fact and that plaintiffs are clearly entitled to judgment as a matter of law. Accordingly, plaintiffs' motion for summary judgment must be granted. Also, defendant's counterclaim must be dismissed since it has forfeited its right to dispute the amount of withdrawal liability.

Plaintiffs are entitled to judgment in the amount of $48,612.00 which represents the amount of unpaid contributions defendant Cullman owes the Plan. In addition, plaintiffs are entitled to the other relief mandated by 29 U.S.C. § 1132(g)(2) and must submit claims for the amounts due within 30 days of this Opinion. Defendant shall respond to plaintiffs' claims within the time specified in the Federal Rules of Civil Procedure and the Local Rules. An Order in accordance with the foregoing shall issue of even date herewith.

## ORDER

The Court has before it plaintiffs' Motion for Summary Judgment, defendant's Opposition thereto, and plaintiffs' Reply. In addition, the Court has defendant's Motion to Defer Ruling on the Motion for Summary Judgment and plaintiffs' Opposition thereto. For the reasons set forth in the Court's Opinion of even date herewith, defendant's Motion to Defer Ruling on the Motion for Summary Judgment must be denied. Moreover, plaintiffs' Motion for Summary Judgment pursuant to Fed.R. Civ.P. 56(c) must be granted since there is no genuine issue of material fact and plaintiff is entitled to judgment as a matter of law. As indicated in the Court's Opinion, defendant's counterclaim also must be dismissed since it has forfeited its rights to dispute the amount owed in withdrawal liability by not complying with the statutory requirements.

Plaintiffs are entitled to a judgment for $48,612.00 in unpaid contributions to the Plan as well as further relief mandated under ERISA Section 502(g)(2), 29 U.S.C. § 1132(g)(2). Plaintiffs have 30 days from the date of this Order to submit any claims for additional sums owed under 29 U.S.C. § 1132(g)(2). Defendant may then respond to the accuracy of the amounts within the time permitted by the Federal Rules of Civil Procedure and the Local Rules. Accordingly, it is, by the Court, this 12th day of August, 1986,

ORDERED that the defendant's Motion to Defer Ruling on the Motion for Summary Judgment be, and the same hereby is, denied; and, it is,

FURTHER ORDERED that the plaintiffs' Motion for Summary Judgment be, and the same hereby is, granted; and, it is,

FURTHER ORDERED that that defendant's counterclaim be, and the same hereby is, dismissed; and, it is,

FURTHER ORDERED that plaintiffs are entitled to judgment in the amount of $48,612.00 for unpaid contributions to the Plan; and, it is,

FURTHER ORDERED that plaintiffs must submit claims for further relief to which they are entitled pursuant to 29 U.S.C. § 1132(g)(2) within 30 days of this Order, and defendant may respond to the accuracy of said amounts within the time permitted by the Federal Rules of Civil Procedure and the Local Rules; and, it is,

FURTHER ORDERED that the above-entitled cause shall be dismissed, without prejudice, from the docket of this Court with right of either party to orally apply to reopen within 30 days of this Order.